IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONGGUAN PRESTIGE SPORTING PRODUCTS CO., LTD, a Chinese company, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | |
| MERITS CO. LTD, a Chinese company, and MERITS HEALTH PRODUCTS, INC., a Florida corporation, | : : : : : : | CIVIL ACTION NO. 1:14-CV-3399-AT |
| Defendants. | : : | |

# **ORDER**

The Court held a hearing on this date to consider Plaintiff's Motion For A Temporary Restraining Order And Preliminary Injunction (the "Motion") [Doc. 2]. The Complaint and the Motion were filed on October 22, 2014 and served on Defendants on October 23, 2014. Notice was proper, and counsel for both Plaintiff and Defendant Merits Health Products, Inc. appeared.

As the moving party, Plaintiff is required under Fed. R. Civ. P. 65 to establish its right to a preliminary injunction in light of four factors: (1) a reasonable likelihood of success on the merits; (2) irreparable harm if the injunction were not granted; (3) the balance of the hardships and (4) the impact of the injunction on the public interest. Irreparable injury is not presumed to

flow from an infringement allegation. *EBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 392–94 (2006); *Automated Merch. Sys. v. Crane Co.*, 357 Fed. App'x. 297, 301 (Fed. Cir. 2009). And, in addition to the harm itself, Plaintiff must demonstrate that "a sufficiently strong causal nexus relates the alleged harm to the alleged infringement." *Apple Inc. v. Samsung Electronics Co.*, 735 F.3d 1352, 1359-60 (Fed. Cir. 2013) (quotation and citation omitted).

The Court has duly reviewed the Motion, all material and testimony properly before the Court, and oral argument. Based on this review, the Court **DENIES** the Motion because Plaintiff has failed to "make a clear showing that it is at risk of irreparable harm, which entails showing a likelihood of substantial and immediate irreparable injury." *Apple, Inc. v. Samsung Elec. Co., Ltd.*, 678 F.3d 1314, 1325 (Fed. Cir. 2012). At the preliminary injunction stage, "irreparable harm consists of harm that could not be sufficiently compensated by money damages or avoided by a later decision on the merits." *Canon, Inc. v. GCC Int'l, Ltd.*, 263 Fed. App'x. 57, 62 (Fed. Cir. 2008). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974).

Although the Court recognizes that evidence of price erosion, loss of goodwill, damage to goodwill, damage to reputation, and loss of business opportunities may be valid grounds for finding irreparable harm, the Defendants' showing before the Court was far too conclusory, speculative, and preliminary in

nature to meet the rigorous standard for establishing irreparable harm itself as well as a nexus between that harm and the alleged infringement. As Plaintiff has failed to meet its burden of showing irreparable harm in the absence of temporary or preliminary injunctive relief, the Court need not address the remaining equitable factors that must be satisfied as a precondition for preliminary injunctive relief. *See, e.g.*, *FieldTurf USA v. Astroturf*, 725 F. Supp. 2d 609 (E.D. Mich., 2010).

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion [Doc. 2]. It is so **ORDERED** this 23rd day of October, 2014.

_____
**Amy Totenberg**
**United States District Judge**